Phillip J. Collaer – ISB No. #3447
ANDERSON, JULIAN & HULL LLP
C. W. Moore Plaza
250 South Fifth Street, Suite 700
Post Office Box 7426
Boise, Idaho 83707-7426
Telephone:    (208) 344-5800
Facsimile:    (208) 344-5510
E-Mail:       pcollaer@ajhlaw.com

Attorneys for Defendants, Brent Rienke, Shane Evans, Randy Blades, Vicki Hansen, Shannon Blackburn, and Richard Craig

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID TYLER HILL, Individually And On Behalf Of Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>BRENT RIENKE, SHANE EVANS, JANE DOE II, JANE DOE II, CORIZON (A.K.A. CORRECTIONAL MEDICAL SERVICES), RANDY BLADES, VICKI HANSEN, SHANNON BLACKBURN, Sued In Their Official Capacities, RICHARD CRAIG, and CLAUDIA LAKE, Sued In Both Their Official And Individual Capacities,<br><br>　　　　　Defendants. | Case No. 1:13-CV-00038-REB<br><br>**ANSWER AND DEMAND FOR JURY TRIAL** |

COMES NOW, the above-entitled defendants, Brent Rienke, Shane Evans, Randy Blades, Vicki Hansen, Shannon Blackburn in their official capacities and, Richard Craig, in his individual and official capacities, (these "answering defendants"), by and through their attorneys of record, Anderson, Julian & Hull LLP, and answers the Plaintiff's Civil Rights Complaint and Demand for Jury Trial as follows:

**ANSWER AND DEMAND FOR JURY TRIAL - 1**

## FIRST DEFENSE

The plaintiff's Complaint fails to state a claim against these answering defendants upon which relief can be granted.

## SECOND DEFENSE

### I.

These answering defendants deny each and every allegation of the Complaint not herein expressly and specifically admitted.

### II.

Based upon information and belief, these answering defendants admit the allegations contained in ¶¶6, 24, 46 and 56.

### III.

These answering defendants state that the allegations contained in ¶¶1-5 assert legal conclusions to which no response is required. To the extent ¶¶1-5 state facts, those facts are denied as to these answering defendants.

### IV.

With respect to the allegations in ¶7 of the Complaint, these answering defendants admit that Brent Rienke is the Director of the Idaho Department of Correction. Defendants deny the remaining allegations contained in ¶7.

### V.

With respect to the allegations in ¶8 of the Complaint, these answering defendants admit that defendant Shane Evans is a Division Chief of the Division of Education and Treatment of the Idaho Department of Correction. Defendants deny all other factual allegations contained in ¶8.

## VI.

These answering defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶9 of the Complaint that are directed against other defendants and, for that reason, deny the same.

## VII.

With respect to the allegations in ¶10 of the Complaint, these answering defendants admit that Kathy Niecko is an employee of Corizon who works at the Idaho Maximum Security Institution and Mental Health Unit. These answering defendants deny all other factual allegations contained in ¶10.

## VIII.

With respect to the allegations contained in ¶11 of the Complaint, these answering defendants admit that Corizon is a contract medical provider that provides medical staff and services to inmates at Idaho Department of Correction facilities. These answering defendants deny all other factual allegations or inferences contained in ¶11.

## IX.

With respect to the allegations contained in ¶12 of the Complaint, these answering defendants admit that Randy Blades was the warden at the Idaho Maximum Security Institution. These answering defendants deny all other factual allegations or inferences contained in ¶12.

## X.

With respect to the allegations in ¶13 of the Complaint, these answering defendants admit that Vicki Hansen is employed as a medical clinician at the Idaho Department of Correction. Defendants deny all other factual allegations or inferences contained in ¶13.

### XI.

With respect to the allegations in ¶14 of the Complaint, these answering defendants admit that Shannon Blackburn was employed by the Idaho Department of Correction as a medical clinician. These answering defendants deny all other factual allegations or inferences contained in ¶14.

### XII.

With respect to the allegations in ¶15 of the Complaint, these answering defendants admit that Richard Craig is employed by the Idaho Department of Correction as, the chief psychologist. Defendants further admit that Mr. Craig is, on a case-by-case basis, involved in the delivery of mental health services to inmates incarcerated at the Department of Correction. Defendants deny all other factual allegations or inferences contained in ¶15.

### XIII.

With respect to the allegations in ¶16 of the Complaint, these answering defendants admit that Claudia Lake is a mental health professional employed by Corizon and, is involved with delivering mental health services to inmates incarcerated in IDOC facilities. Defendants deny all other factual remaining or inferences contained in ¶16.

### XIV.

With respect to the factual allegations contained in ¶17 of the Complaint, these answering defendants admit that, on two occasions, the plaintiff has been assessed for mental health issues at the Idaho Maximum Security Institution. These answering defendants deny all other factual allegations contained in ¶17.

XV.

These answering defendants admit that the plaintiff was housed in the mental health unit on March 17, 2009 and, on April 11, 2011. These answering defendants deny all other factual allegations contained in ¶18.

XVI.

These answering defendants state that the allegations contained in ¶19 of the complaint assert legal conclusions to which no response is required. To the extent ¶19 state facts, those facts are denied as to these answering defendants.

XVII.

These answering defendants deny the allegations contained in ¶20 of the complaint as they relate to these answering defendants.

XVIII.

With respect to the allegations contained in ¶21 of the Complaint, these answering defendants admit that, certain inmates who have mental health issues are housed and treated at the mental health unit. These answering defendants deny all other factual allegations contained in ¶21.

XIX.

These answering defendants admit the mental health unit is referred to as the Idaho Maximum Security Institution. These answering defendants deny all other factual allegations contained in ¶22 of the complaint.

XX.

With respect to the factual allegations contained in ¶23 of the Complaint, these answering defendants admit that the mental health unit is located within the Idaho Maximum Security

Institution. Defendants further admit the mental health unit utilizes single cells. These answering defendants deny all other factual allegations contained in ¶23.

## XXI.

With respect to the factual allegations contained in ¶25 of the Complaint, these answering defendants admit that patients are initially assessed at Tier C-3. These answering defendants deny all other factual allegations contained in ¶25.

## XXII.

With respect to the factual allegations contained in ¶26 of the Complaint, these answering defendants admit that Tier C-2 houses inmates who have been assessed and, are more stable. These answering defendants deny all other factual allegations contained in ¶26.

## XXIII.

These answering defendants deny the allegations contained in ¶¶27-45 of the Complaint that are directed against these answering defendants.

## XXIV.

These answering defendants deny the allegations contained in ¶¶47-49 of the Complaint that are directed against these answering defendants.

## XXV.

With respect to the factual allegations contained in ¶50 of the Complaint, these answering defendants admit that cells are concrete construction with overhead lights. These answering defendants deny all other factual allegations contained in ¶50.

## XXVI.

These answering defendants deny the allegations contained in ¶¶51-54 of the Complaint that are directed against these answering defendants.

### XXVII.

With respect to the factual allegations contained in ¶55 of the Complaint, these answering defendants admit the cells referenced therein are equipped with cameras. These answering defendants deny all other factual allegations or inferences contained in ¶55.

### XXVIII.

These answering defendants deny the allegations contained in ¶¶57-65 of the Complaint that are directed against these answering defendants.

### XXIX.

With respect to the factual allegations contained in ¶66 of the Complaint, these answering defendants admit that, on April 11, 2011, the plaintiff was referred to the mental health unit for assessment. These answering defendants deny all other factual allegations or inferences contained in ¶66.

### XXX.

These answering defendants state that the grievance referenced in ¶67 of the Complaint speaks for itself and denies all allegations in ¶67 that are inconsistent with the grievance referenced therein.

### XXXI.

These answering defendants deny the allegations contained in ¶¶68–71 of the Complaint that are directed against these answering defendants.

### XXXII.

These answering defendants state that the allegations contained in ¶¶72-85 of the Complaint assert legal conclusions to which no response is required. To the extent ¶¶72-85 state facts, those facts are denied as to these answering defendants.

**ANSWER AND DEMAND FOR JURY TRIAL - 7**

### THIRD DEFENSE

Plaintiff was guilty of negligent and careless misconduct at the time of and in connection with the matters and damages alleged in the Complaint, which misconduct on his part proximately caused and contributed to said events and resultant damages, if any.

### FOURTH DEFENSE

Plaintiff's losses or injuries, if any, were caused by the intervening acts or omissions of other third persons, for whom these answering defendants can bear no responsibility.

### FIFTH DEFENSE

The allegations contained in Plaintiff's Complaint do not arise at the level of the deprivation of a federally protected right.

### SIXTH DEFENSE

These answering defendants, who are sued in their individual capacities, are entitled to qualified immunity from liability because the acts and omissions complained of, if any, were done by the defendants in good faith, with honest, reasonable belief such actions were necessary and constitutionally proper.

### SEVENTH DEFENSE

The plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations found at I.C. § 5-219.

### EIGHTH DEFENSE

The plaintiff's claims which seek compensatory damages against the defendants in their official capacities are barred by the Eleventh Amendment to the United State Constitution.

### NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by his failure to pursue the available administrative remedies prior to instituting this litigation.

WHEREFORE, these answering defendants pray that plaintiff take nothing by his Complaint, that the same be dismissed, and that these answering defendants be awarded their costs of suit and attorney fees, and such other and further relief as the Court deems just.

**THESE ANSWERING DEFENDANTS DEMAND A JURY TRIAL AS TO ALL ISSUES.**

DATED this __14__ day of August, 2013.

ANDERSON, JULIAN & HULL LLP

By _____
Phillip J. Collaer, Of the Firm
Attorneys for Defendants

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on this __14__ day of August, 2013, I served a true and correct copy of the foregoing **ANSWER AND DEMAND FOR JURY TRIAL** by delivering the same to each of the following attorneys of record, by the method indicated below, addressed as follows:

| | |
|---|---|
| David Tyler Hill #61671<br>ISCI, Unit 9<br>P.O. Box 14<br>Boise, ID 83707 | [X] U.S. Mail, postage prepaid<br>[ ] Hand-Delivered<br>[ ] Overnight Mail<br>[ ] Facsimile |
| John J. Burke<br>Elam & Burke, PA<br>P.O. Box 1539<br>Boise, ID 83701<br>*Attorneys for Defendant, Corizon* | [ ] U.S. Mail, postage prepaid<br>[ ] Hand-Delivered<br>[ ] Overnight Mail<br>[ ] Facsimile<br>[X] ECF |

_____
Phillip J. Collaer