John J. Burke, ISB #4619
ELAM & BURKE, P.A.
251 East Front Street Suite 300
Post Office Box 1539
Boise, Idaho 83701
Telephone:  (208) 343-5454
Facsimile:  (208) 384-5844
jjb@elamburke.com

Attorneys for Defendant Corizon, Inc., f/k/a Correctional Medical Services, Inc.


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO


| | |
|---|---|
| DAVID TYLER HILL,<br><br>             Plaintiff,<br><br>vs.<br><br>BRENT REINKE, SHANE EVANS, JANE DOE I, JANE DOE II, CORIZON (a/k/a CORRECTIONAL MEDICAL SERVICES), RANDY BLADES, VICKI HANSEN, SHANNON BLACKBURN, RICHARD CRAIG, and CLAUDIA LAKE,<br><br>             Defendants. | Case No.  3:13-cv-00038-BLW<br><br>**ANSWER TO PLAINTIFF'S CIVIL RIGHTS COMPLAINT AND DEMAND FOR JURY TRIAL** |

**COMES NOW** defendant Corizon, Inc., f/k/a Correctional Medical Services, Inc. (hereinafter "Corizon"), by and through its counsel, Elam & Burke, P.A., and in answer to Plaintiff's Civil Rights Complaint Jury Trial Demanded (hereinafter "Complaint"), admits, denies and alleges as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted against Corizon.

**SECOND DEFENSE**

Based upon either a lack of information, its belief that certain allegations contained in plaintiff's Complaint are untrue, or that the allegations are directed to individuals or entities other than Corizon, Corizon denies each and every allegation contained in plaintiff's Complaint that is not expressly and specifically admitted hereinafter.

1. In answering the allegations in section "Parties", paragraph 6, of plaintiff's Complaint, Corizon admits only that plaintiff was a prisoner in the custody of the Idaho Department of Corrections. Corizon denies all other allegations within paragraph 6 of plaintiff's Complaint.

2. In answering the allegations in section "Parties", paragraph 11, of plaintiff's Complaint, Corizon admits only that it is the contract medical provider for certain Idaho Department of Correction prison facilities effective July 11, 2005, including Idaho State Correctional Institution and Idaho Correctional Institution-Orofino. Corizon denies all other allegations within section A "Parties", paragraph 11, of plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

By pleading certain defenses as affirmative defenses, Corizon does so for the purpose of completeness and does not intend to suggest that it has the burden of proof for any such defense. Furthermore, as Corizon has not had the opportunity to conduct discovery in this case, Corizon, by failing to raise an affirmative defense, does not intend to waive any such defense, and specifically reserves the right to amend this answer to include additional affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

Corizon acted reasonably at all times relevant to plaintiff's Complaint and no act or omission of Corizon proximately caused plaintiff's damages, if any.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has been guilty of negligent, careless and/or intentional misconduct at the time of and in connection with the matters, events and damages alleged in his Complaint, which actions on his part proximately caused and contributed to said events and to plaintiff's alleged injuries, if any.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, were caused, in whole or in part, by a preexisting condition, or the progression thereof, and not by any purported negligence or fault of Corizon.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, were caused, in whole or in part, by superseding or intervening causes for which Corizon is not responsible.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's injuries or damages, if any, were proximately caused by the conduct of other individuals who may or may not be parties to this action.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to act reasonably or to otherwise mitigate his damages, if any.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped to assert the claims and damages alleged in his Complaint by reason of his knowledge of the facts and circumstances regarding the transactions and events at issue

and his conduct throughout the transactions and events, which conduct has been relied upon by Corizon to its detriment.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims set forth in his Complaint are barred by the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's allegations contained within his Complaint do not rise to the level of a deprivation of rights that are protected by the United States Constitution or any other legal provisions referred to in his Complaint.

### TENTH AFFIRMATIVE DEFENSE

Corizon has at all times acted in a reasonable and prudent fashion, satisfying any duty, if any, that it owed under the rules, regulations, statutes, ordinances, customs, policies and laws of the State of Idaho and/or the United States of America.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for relief under the cruel and unusual punishments clause of the Eighth Amendment to the United States Constitution because he has not alleged facts that demonstrate that Corizon acted with deliberate indifference to plaintiff's serious medical needs.

### TWELFTH AFFIRMATIVE DEFENSE

This case must be dismissed because plaintiff has failed to exhaust his administrative remedies.

### THIRTEENTH AFFIRMATIVE DEFENSE

Corizon is not liable for any injury caused by the act or omission of another person under the doctrine of *respondeat superior*.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from maintaining this action against Corizon because the actions of Corizon were at all times in reliance on the policies and procedures of the Idaho Department of Correction and such policies and procedures are rationally related to legitimate penological objectives.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from maintaining this action against Corizon because Corizon is immune from liability for damages, if any, pursuant to state and federal law and/or court rulings.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's request for injunctive relief is moot.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's request for injunctive relief is not ripe.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's request for injunctive relief is based upon mere speculation and there is insufficient evidence that any future event complained of will or will not occur.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's request for injunctive relief does not show or sufficiently allege the existence of immediate or irreparable injury.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's request for injunctive relief does not show or sufficiently allege the likelihood of future injury or irreparable harm.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's request for injunctive relief does not show or sufficiently allege the existence of a reasonable likelihood of success.

**TWENTY -SECOND AFFIRMATIVE DEFENSE**

The acts or omissions complained of by plaintiff did not arise as a result of, nor was there, any agreement, understanding, policy or procedure that deprived plaintiff of any of his civil rights.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Some or all of plaintiff's claims against Corizon are time-barred by Idaho Code Section 5-219(4) and/or other applicable statutes of limitations.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

At all relevant times, Corizon complied with the applicable local standards of care during the medical care and treatment of Plaintiff, and no act or omission of Corizon proximately caused Plaintiff's damages, if any.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are limited by Idaho Code §§ 6-1602, 6-1603, 6-1604 and 6-1606.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

The acts or omissions of plaintiff and/or others constitute comparative negligence which, pursuant to Idaho Code § 6-801 and/or other applicable laws, bars or reduces plaintiff's recovery, if any, against this answering defendant.

**RESERVATION OF RIGHTS**

Discovery has not yet commenced, the result of which may reveal additional defenses to this answering defendant.  Corizon reserves the right to amend this Answer if appropriate.

## REQUEST FOR ATTORNEY FEES

Corizon has been required to retain the services of Elam & Burke, P.A., to defend this action, and will continue to incur reasonable attorney fees based upon the time expended in its defense. Corizon, therefore, alleges and hereby makes a claim against plaintiff for attorney fees and costs incurred in defending this action, pursuant to Idaho law, 42 U.S.C. § 1988, and all other applicable laws allowing for the recovery of costs or attorney fees in this action.

**WHEREFORE**, the Corizon defendants pray for judgment as follows:

1. That judgment be entered against plaintiff on each and every claim asserted against Corizon;

2. That plaintiff's Complaint be dismissed with prejudice and that plaintiff receive no relief thereunder;

3. That Corizon be awarded its costs, including reasonable attorney fees, incurred in defense of this matter; and

4. For such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to the provisions of Rule 38(b) of the Federal Rules of Civil Procedure and any other applicable statute, rule, or regulation, Corizon hereby demands trial by jury as to all issues so triable in this matter.

DATED this 27th day of August, 2013.

            ELAM & BURKE, P.A.


            By /s/ John J. Burke
              John J. Burke - Of the Firm
              Attorneys for Defendant Corizon, Inc., f/k/a
              Correctional Medical Services, Inc.

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on the 27th day of August, 2013, I electronically filed the foregoing **ANSWER TO PLAINTIFF'S CIVIL RIGHTS COMPLAINT AND DEMAND FOR JURY TRIAL**, with the U.S. District Court. Notice will automatically be electronically mailed to the following individuals who are registered with the U.S. District Court CM/ECF System:

Phillip J. Collaer            pcollaer@ajhlaw.com

In addition, I caused to be served a true copy of this document by the method indicated below, and addressed to each of the following:

| | | |
|---|---|---|
| David Tyler Hill #61671 | _X_ | U.S. Mail, Postage Prepaid |
| ICI-O A-2-121A | ___ | Hand Delivered |
| 381 W. Hospital Dr. | ___ | Overnight Mail |
| Orofino, ID 83544 | ___ | Telecopy |

                                      /s/ John J. Burke
                                        John J. Burke